## Murphy vs. Tripp.

Assuming that a defendant is privileged from answering a question addressed to him as a witness on the part of the plaintiff, the mere conjecture that his refusal to answer, followed by a decision of the justice that he is not bound to do so, or his refusal followed by a ruling that he is privileged, may have created an impression in the minds of the jury that his testimony, if given, would have tended to make out the plaintiff's case, should not be entertained, as the basis of reversing a judgment which is in all respects apparently free from error.

Where a deputy sheriff posted a notice of sale on execution in a grocery, and the wind having blown it down it was picked up and laid upon the counter, and the defendant, after inquiring if the deputy had left any notice there, took up the notice and carried it away, saying "he did'nt want any such thing up with his name on it," and that "it was his business to take them down, and he would take them all down;" *Held* that these facts brought the case within the statute which makes any person who shall "take down or deface" a notice of that description, liable to a penalty of $50. (3 *R. S. 5th ed.* 650, § 53.)

The object of the statute was to prevent any interference with the paper put up by the officer, and the contents thereof, which will defeat its purpose—that is, giving notice of the sale.

APPEAL from a judgment of the county court of Wayne county affirming a judgment of a justice of the peace. The action was brought to recovery a penalty of $50, under the following section of the revised statutes :

"If any person shall take down or deface any notice of a sale of real or personal property, put up by any sheriff previous to the day of sale therein specified, unless upon satisfaction of the execution by virtue of which notice shall have been given, or upon consent of the party suing out such execution, and of the defendant therein, such person shall forfeit fifty dollars to the party in whose favor such execution was issued." (3 *R. S. 5th ed.* 650, § 53.)

On the trial before the justice and a jury, the plaintiff proved a judgment in his favor, against the defendant, recovered in the county court of Wayne county; the issuing of an execution thereon to a deputy sheriff; a levy upon the defendant's property by virtue thereof; the posting of no-

tices of sale by the deputy; and that they did not remain posted until the day of sale. The plaintiff called the defendant as a witness, who testified that he saw one of the notices spoken of, at the place where the deputy sheriff testified he left it; that he got it, put it in his pocket, and carried it away with him. The plaintiff then asked the defendant the following question: "Did you see any other of these notices, described by Hurlbut?" [the deputy sheriff.] The defendant declined to answer the question, on the ground that the answer would involve him in a penalty. The court decided that the witness should answer the question. The witness refused to answer. The other testimony given is referred to in the opinion of the court.

The jury found a verdict in favor of the plaintiff for $50. and the judgment entered thereon was affirmed by the county court, on appeal.

*Wm. Clark,* for the appellant.

*Charles McLouth,* for the respondent.

*By the Court,* JAMES C. SMITH, J. It is unnecessary to inquire whether the defendant was privileged from answering the questions addressed to him as a witness on the part of the plaintiff. Assuming that he was thus privileged, (a point upon which I express no opinion,) and that the justice incorrectly ruled to the contrary, it is mere speculation to say that the ruling prejudiced the defendant in the minds of the jury and produced the verdict against him. It had no such effect *legitimately.* There is no evidence that such was its effect, in fact; and the presumption is the other way, since it was the duty of the jury to base their verdict upon the testimony alone. The presumption that the jury violated their duty can not be indulged. It is easy to imagine that the adverse ruling, in connection with the defendant's re-

Murphy *v.* Tripp.

fusal to answer, may have created an impession in the minds of the jury that his testimony, if given, would have tended to make out the plaintiff's case; and it is not improbable that a similar effect would have resulted from his bare refusal, even if it had been followed by a ruling that he was privileged; but in either case such a conjecture should not be entertained, as the basis of reversing a judgment which is in all respects apparently free from error.

The only remaining question is whether there is any evidence to sustain the verdict. The testimony warranted the jury in finding that within an hour after the officer had posted the notice, at McGreal's grocery, the defendant went there, asked if Hurlbut, the officer, had left any notice there, took the notice off the counter where it lay, and carried it away, saying "he didn't want any such thing up with his name on," and that "it was his business to take them down, and he would take them all down." Also that the officer posted the notice by pinning it to the wall; that the wind blew it down, and Mrs. McGreal picked it up and laid it on the counter till she could get something to put it up with, where it was lying when the defendant took it. I think these facts bring the case within the statute, which makes liable any person who shall "take down or deface" such notice. The object of the statute is to prevent any interference with the paper put up by the officer, and the contents thereof, which will defeat its purpose — that is, giving notice of sale. The circumstance that the notice had been accidentally blown down, after the officer had posted it, and was lying on the counter, does not relieve the defendant if his design was to frustrate the purpose of the officer, and to prevent notice of sale being given; and that such was his design, the jury were warranted in finding from the facts and circumstances presented by the testimony. If the defendant, with such design, had torn off a material *part* of the notice and carried it away, he would have been literally

guilty of *defacing.* He is none the less guilty within the meaning of the statute, having carried away the whole notice,

The judgment of the county court affirming that of the justice should be affirmed.

Judgment affirmed. ·

